UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00263-JRO-TAB |
| | ) | |
| BRANDON WEDDELL, | ) | |
| JOHN MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS IN LIMINE

Before the Court are the Plaintiff's motion in limine, dkt. 149, and Defendants' motion in limine, dkt. 145. The Court has considered the parties' briefing and oral argument made at the July 10, 2026, final pretrial conference. The Court orally ruled on most of the issues raised in the motions in limine at the final pretrial conference, as summarized in its order following final pretrial conference. Dkt. 154. The Court now rules on the remaining issues. If there is any inconsistency between this order and dkt. 154, this order controls.

## I. FACTS AND BACKGROUND

Plaintiff David Howard filed a complaint in this case alleging violations of his constitutional rights based on events that took place at Pendleton Correctional Facility. Dkt. 2. Howard alleges that on May 9, 2022, Officer Weddell placed his hands in cuffs, then twisted them without provocation, causing serious pain and bleeding. *Id.* at 2. He also alleges that Officer Weddell brought false disciplinary charges against him and that Sergeant Miller presided over the disciplinary process where he found Howard guilty and punished him

for the false charges.  *Id.* at 3.  Howard alleges that his discipline was in retaliation for his filed grievances and lawsuits.  *Id.*  Howard is proceeding to trial on an Eighth Amendment claim of excessive force against Officer Weddell and First Amendment retaliation claims against Officer Weddell and Sergeant Miller.  Dkt. 15 at 2.

## II. LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted midcourse for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).  Still, orders in limine are preliminary and "subject to change when the case unfolds" because actual testimony may differ from a pretrial proffer.  *Luce v. United States*, 469 U.S. 38, 41 (1984).  A trial judge does not bind himself by ruling on a motion in limine and "may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).  At trial, no counsel, party, or witness shall reference any topic that the Court has ruled inadmissible without first raising the issue outside the presence of the jury and obtaining leave of Court.

## III. DISCUSSION

### A. Plaintiff's Motion in Limine

The Court initially granted Plaintiff's request to exclude any evidence of his other conduct charges and history that are unrelated to the subject incident because Defendants did not oppose this request.  Dkt. 154 at 4–5.  However, Defendants plan to introduce Exhibit 11, "Disciplinary Records," which is a

2

compilation of Plaintiff's conduct charges and disciplinary history.  Consistent with his motion in limine, Plaintiff objects to the admissibility of documents within Exhibit 11 that are unrelated to the subject incident, arguing that they are irrelevant and unfairly prejudicial under Federal Rule of Evidence 403. Defendants argue that the probative value of the documents substantially outweighs any prejudice because Miller relied upon these records in ordering Plaintiff's discipline for the incident at issue.  Specifically, Miller plans to show at trial that his discipline was based, in part, on Plaintiff's extensive disciplinary history, and not on any retaliatory motive for Plaintiff's First Amendment activity. The conduct charges and disciplinary history reflected in Exhibit 11 are therefore relevant and, while prejudicial to Plaintiff, not unfairly prejudicial under Rule 403.  *See United States v. Rothman*, 567 F.2d 744, 749-50, (7th Cir. 1977) (affirming the trial court's decision to allow the introduction of relevant incriminating evidence, that was prejudicial, but not unfairly prejudicial to the Defendant).  Defendants have the better argument.  The Court, therefore, amends its previous ruling preliminarily granting the Plaintiff's request to exclude any evidence of his other conduct charges and disciplinary history.  This request is now **GRANTED IN PART AND DENIED IN PART**.  The Court will allow the admission of Exhibit 11 "Disciplinary Records" but require redactions of information that is unnecessary to identify what Miller relied upon in issuing his disciplinary order and unnecessarily cumulative.  To date, the parties have not reached agreement on what portions of Exhibit 11 to redact.  Accordingly, the parties are **ORDERED** to file their respective proposed redactions to Exhibit 11

on the docket no later than **12:00 p.m.** on **Tuesday, July 28, 2026**.  The Court will review the redactions and inform the parties which version shall be used for trial.  The Court will also accept stipulated redactions if the parties reach an agreement.

### B. Defendants' Motion in Limine

Plaintiff plans to show at trial that Wedell's act of twisting his handcuffs over four years ago did not just cause pain and bleeding at the time of the incident but also caused long-term injuries to his wrists that cause him discomfort to the present day.  Defendants request that any lay witness, including Plaintiff, be barred from testifying as to any medical conditions, causation, diagnoses, or prognoses resulting from Defendants' actions or inactions.  The Court initially took this request under advisement.  Dkt. 154 at 5.

A lay witness may offer testimony that is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701.  So, when an injury and its cause are clearly connected in some obvious way such that common experiences and observations explain the relationship, expert testimony is not required. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) (holding that a prisoner could testify that a guard "beat him up and that it hurt really bad").  However, a causal connection that cannot be explained to a reasonable degree of certainty without scientific, technical, or specialized knowledge requires expert testimony.  Fed. R. Evid. 702.  Thus, lay witnesses may not offer opinions about medical

causation.  *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (finding inmate incompetent to testify that there was a causal relationship between his ability to exercise in prison and the health of his gums); *Crawford v. Davis*, 597 F. Supp. 3d 1243, 1245 (S.D. Ill. 2022) ("Rule 701 does not permit a lay witness to offer opinions about medical causation."); *Lane v. Walgreen Co.*, No. 1:12–CV–118, 2014 WL 2881543, at *8 (S.D. Ind. June 24, 2014) ("Expert testimony is generally required to create a material issue of fact where a plaintiff's claims raise questions of medical causation beyond the understanding of lay jurors and [are] 'necessarily dependent on the testimony of physicians and surgeons learned in such matters.' ") (quoting *Brown v. Terre Haute Reg'l Hosp.*, 537 N.E.2d 54, 61 (Ind. Ct. App. 1989)).

Defendants' request that any lay witness, including Plaintiff, be barred from testifying as to any medical conditions, causation, diagnoses, or prognoses resulting from Defendants' actions or inactions is **GRANTED**.  Specifically, the May 9, 2022, incident and Plaintiff's present condition are not clearly connected in some obvious way that ordinary jurors could readily understand based on their everyday experience.  Injuries usually heal rather than develop into long-term, permanent conditions that last more than four years.  Special expertise is required to establish the medical cause of such a condition.  *Spinnenweber v. Laducer*, 983 F.3d 301, 305 (7th Cir. 2020) ("the causal connection between a permanent condition, an injury and a pre-existing affliction or condition is a complicated medical question, and testimony of an expert witness on the issue is necessary" (cleaned up)).  Plaintiff has no medical expertise and has not been

disclosed as an expert witness.  He is not qualified to testify as to a causal relationship between the alleged incident and any medical or mental health condition he has at present.  That said, consistent with Rule 701, Plaintiff, as a lay witness, will be permitted to testify as to his own perceptions of physical and mental pain, discomfort, and suffering after the incident in question and at present.

**SO ORDERED.**

Date:  7/27/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DAVID HOWARD
936576
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel